# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 13 |
|  | ) |
|  | ) Case No. 22-10032 |
| Justin Randolph and Stephanie Sylverne | ) |
|  | ) Honorable Judge Deborah L. Thorne |
| Debtors. | ) |

--------------------------------------------------------

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on February 15, 2023, at 9:30 a.m., I will appear before the Honorable Deborah L. Thorne, or any judge sitting in her place, either in Courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL, or electronically as described below and present the motion of *Creditor Pravati SPV II, LLC's Omnibus Motion for Order Authorizing Examination of: (1) Randolph & Holloway LLC; (2) Philip Holloway; (3) Justin Randolph and Law Office of Justin G. Randolph; (4) Stephanie Sylverne; and (5) Law Office of Justin G. Randolph, Inc. and Document Production Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure*, a copy of which is attached.

**All parties in interest, including the movant, may appear for the present of the motion either in person or electronically using Zoom for Government.**

**To appear by video**, use this link: https://www.zoomgov.com. Then enter the meeting ID.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID.

**Meeting ID and password**. The meeting ID for this hearing is 160 9362 1728 – no password required. The meeting ID and further information can also be found on Judge Thorne's web page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

By: */s/ Annie Y. Stoops*
Aram Ordubegian (*pro hac vice admitted*)
Annie Y. Stoops (*pro hac vice admitted*)
ArentFox Schiff LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Facsimile: (213) 629-7401
Email:aram.ordubegian@afslaw.com;
annie.stoops@afslaw.com

J. Mark Fisher (ARDC No. 3121711)
ArentFox Schiff LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606 USA
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
Email: mark.fisher@afslaw.com
Attorneys for Pravati SPV II, LLC

AFDOCS:26894569.3

# CERTIFICATE OF SERVICE

I, Annie Y. Stoops certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on February 8, 2023.

**Via ECF:**

Richard B Aronow on behalf of Creditor Wintrust Mortgage, a division of Barrington Bank & Trust Company, N.A.
LOGSECF@logs.com, raronow@logs.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Marilyn O Marshall
courtdocs@chi13.com

Aram Ordubegian on behalf of Creditor Pravati SPV II, LLC
aram.ordubegian@afslaw.com

Annie Yang Stoops on behalf of Creditor Pravati Credit Fund III, LP
annie.stoops@arentfox.com

Justin R. Storer on behalf of Debtor 1 Justin Randolph and Stephanie Sylverne
jstorer@wfactorlaw.com, bharlow@wfactorlaw.com

**Via United States Mail:**

Justin Randolph
630 Brewster Lane
Schaumburg, IL 60193

Stephanie Sylverne
630 Brewster Lane
Schaumburg, IL 60193

Law Office of Justin G. Randolph, Inc.
Attn: Justin Randolph, President
53 W. Jackson, Ste. 1234
Chicago, IL 60604

Randolph & Holloway LLC
Attn: Justin Randolph, Manager
630 Brewster Lane
Schaumburg, IL 60193

Randolph & Holloway LLC
Attn: Philip Holloway, Manager
3526 West Mclean Ave
Chicago, IL 60647

Philip Holloway
3526 West Mclean Ave
Chicago, IL 60647

Justin Randolph dba Law Office of Justin G.
Randolph c/o Justin G. Randolph
53 W. Jackson Blvd., Ste 1234
Chicago, IL 60604

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

- 3 -

Dated: February 8, 2023

By: /s/ Annie Y. Stoops
Annie Y. Stoops (*pro hac vice admitted*)
ArentFox Schiff LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Facsimile: (213) 629-7401
Email: annie.stoops@afslaw.com

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 13 |
|  | ) |
|  | ) Case No. 22-10032 |
| Justin Randolph and Stephanie Sylverne | ) |
|  | ) Honorable Judge Deborah L. Thorne |
| Debtors. | ) |

-------------------------------------------------------

**CREDITOR PRAVATI SPV II, LLC'S OMNIBUS MOTION FOR
ORDER AUTHORIZING EXAMINATION OF: (1) RANDOLPH &
HOLLOWAY LLC; (2) PHILIP HOLLOWAY; (3) JUSTIN RANDOLPH
AND LAW OFFICE OF JUSTIN G. RANDOLPH; (4) STEPHANIE
SYLVERNE; AND (5) LAW OFFICE OF JUSTIN G. RANDOLPH, INC. AND
DOCUMENT PRODUCTION PURSUANT TO RULE 2004 OF THE
<u>FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

Pursuant to Rules 2004 and 9016 of the Federal Rule of Bankruptcy Procedure and Local

Bankruptcy Rule 2004-1, Pravati SPV II, LLC ("<u>Pravati</u>"), a secured and unsecured creditor in the

bankruptcy case of the debtors Justin Randolph and Stephanie Sylverne (the "Debtors"), by its

attorneys, Aram Ordubegian and Annie Y. Stoops of the law firm of ArentFox Schiff LLP, hereby

moves (the "<u>Motion</u>") for entry of an Order (i) granting the Motion; (ii) directing: (a) Randolph &

Holloway LLC ("Randolph & Holloway"), (b) Philip Holloway ("Holloway"), (c) Justin Randolph

("Randolph") and his co-obligor to Pravati, Law Office of Justin G. Randolph ("Co-Obligor"), (d)

Stephanie Sylverne ("Sylverne"), and (5) Law Office of Justin G. Randolph, Inc ("LOOJGR," and

collectively with Randolph & Holloway, Holloway, Randolph, and Co-Obligor, and Sylverne, the

"Witnesses") to produce all documents and information responsive to the requests listed in

**Exhibits A**, **B**, **C**, **D**, and **E** respectively attached to the Declaration of Annie Y. Stoops (the

"Stoops Declaration") in support of the Motion, by no later than March 1, 2023 at 5:00 p.m.

(Central Time) to the offices of ArentFox Schiff LLP, 233 South Wacker Drive, Suite 7100,

AFDOCS:26894569.3

Chicago, IL 60606; (iii) requiring the Witnesses to each appear for an oral examination, at a time

to be determined, and to be held at the offices of Pravati's counsel, ArentFox Schiff LLP, located

at 233 South Wacker Drive, Suite 7100, Chicago, IL 60606; and (iv) granting such other and

further relief as this Court deems just and appropriate.  In support of this Rule 2004 Motion, Pravati

respectfully represents as follows:

## I.

## **INTRODUCTION**

1.    With this Motion, Pravati seeks an order directing the Witnesses to produce the

following information in order to gain a clearer picture of the Estate:

a.    Randolph & Holloway—in which Debtors scheduled a 50% interest—to

produce documents and provide testimony regarding its business, its valuation (e.g.,

assets and liabilities), its financials, the transfer of cases, clients, and other assets

from insider Randolph and Co-Obligor to it; Randolph's involvement in the firm

and the transfers; its handling and/or resolution of cases (historical and current); its

knowledge of Pravati's lien rights; its failure to follow certain corporate formalities;

the commingling of assets; transfers to the Witnesses, as well as LOOJGR and

Justin Randolph Law (the "New Randolph Entities"); and other relevant matters.

b.    Randolph's longtime co-counsel Holloway to produce documents and

provide testimony regarding his compensation and employment by Randolph &

Holloway and Co-Obligor; information related to the business, valuation (e.g.,

assets and liabilities), financials, the transfer of cases, clients, and other assets of

Randolph & Holloway, Co-Obligor, and the New Randolph Entities; what transfers

he made to or received from the other Witnesses; his communications regarding the

- 6 -

formation of Randolph & Holloway; the handling and resolution of cases in Randolph & Holloway and Co-Obligor; the cases he worked on for Randolph & Holloway and Co-Obligor; and other relevant matters.

c.　Randolph and Co-Obligor to produce documents and provide testimony regarding his compensation and employment by Randolph & Holloway and Co-Obligor; information related to the business, valuation (e.g., assets and liabilities), financials, the transfer of cases, clients, and other assets of Co-Obligor; what transfers he made to or received from the other Witnesses; his communications regarding the formation for Randolph & Holloway; assets (including real and personal property), income, and expenses in the Debtors' Schedules; and other relevant matters.

d.　Sylverne to produce documents and provide testimony regarding what transfers she made to or received from the other Witnesses; and assets (including real and personal property), income, and expenses in the Debtors' Schedules; and other relevant matters.

e.　LOOJGR to produce documents and provide testimony regarding LOOJGR's businesses, valuations (e.g., assets and liabilities), financials, the transfer of cases, clients, and other assets from insider Randolph and Co-Obligor to them; Randolph's involvement in the firms and the transfers; their handling and/or resolution of cases (historical and current); their knowledge of Pravati's lien rights; their failure to follow certain corporate formalities; the commingling of assets; transfers to Witnesses Randolph & Holloway; and other relevant matters.

AFDOCS:26894569.3

2.      Pravati is the holder of three long-fought judgments against Debtor Randolph, which judgments together comprise obligations totaling more than $439,000. (*See* Proofs of Claim 8-1, 9-1, and 10-1; *see also* Proof of Claim 11-1). Pravati's largest judgment, provided for in Claim 8-1, resulted from the confirmation of an arbitration award, the *Second Amended Final Award of Arbitrator* dated June 7, 2021 ("Second Amended Final Award"), entered against Randolph for breach of contract and tortious conversion of collateral. (*See* Proof of Claim 8-1).

3.      The Second Amended Final Award finds that Randolph's sole proprietorship law firm, Co-Obligor, received portfolio funding from Pravati in 2017. In exchange, Randolph granted Pravati a continuing security interest in his accounts receivables and payment intangibles. Following execution of the Agreement, Randolph obtained hundreds of thousands of dollars in Proceeds, but despite admitting on various occasions that Randolph did in fact owe money to Pravati, Randolph failed to remit one penny to Pravati. Instead, Randolph transferred his interest in client matters existing at the time of the formation of Randolph & Holloway to that firm.

4.      Debtors' bankruptcy schedules falsely reflect a valuation of this very productive business at $0.  This business interest must be properly valued.

5.      The documents and testimony being sought by Pravati are necessary to provide a true picture of Debtors' assets and income—including the scheduled interests in the two law firms and the real property—and to determine whether Debtors' proposed chapter 13 plan satisfies the "best interests of creditors" test under 11 U.S.C. § 1325(a)(4).

AFDOCS:26894569.3

## II.

## STATEMENT OF FACTS

**A.**    **Background.**

6.      Debtor Randolph is an attorney licensed to practice law and residing in the State of Illinois, who from 2004 to 2019, operated the Co-Obligor law firm as a sole proprietorship.

7.      Holloway practiced law along with Debtor at the Co-Obligor law firm.

8.      Pravati is a leading provider of secured funding solutions to law firms.  In 2017, Debtor Randolph applied for and received net funding from Pravati of $183,960, pursuant to their Law Firm Legal Funding Contract & Security Agreement dated December 21, 2017 (the "Agreement").

9.      On January 3, 2018, Pravati filed a UCC-1 financing statement with the Illinois Secretary of State against "all accounts, account receivable, and general intangibles . . . and all fees, distributions, payments, proceeds, . . . and other benefits which Debtor now is or may hereafter become entitled to receive."  This UCC-1 also referenced certain cases by name.

10.      After Randolph's breach of multiple provisions in the Agreement, Pravati gave written him written notice of the occurrences of breach and inaccurate representations.  On the same day, April 2, 2019, Randolph formed Randolph & Holloway and apparently transferred all of the Co-Obligor's cases to Randolph & Holloway.

11.      After forming Randolph & Holloway on April 2, 2019, Randolph and Holloway, the only other attorney at the Co-Obligor, appeared in Randolph's cases on behalf of Randolph & Holloway.

AFDOCS:26894569.3

12.     Pursuant to the dispute resolution clause in the Agreement, Pravati on May 8, 2019 commenced arbitration against Randolph before the American Arbitration Association ("AAA") in Case No. 01-19-0001-4311 (the "Arbitration").

13.     On May 5, 2021, just days before the evidentiary hearing in the Arbitration, Randolph subjected Pravati to a barrage of ancillary litigation, including two frivolous lawsuits in federal district court in Arizona and Arizona superior court.[1]

14.     On June 7, 2021, the AAA issued the Second Amended Final Award, finding that, *inter alia*: (1) Pravati had a valid and perfected security interest in Randolph's accounts receivables and general intangibles; and (2) Pravati had demonstrated that Randolph converted at least $119,500 in collateral subject to Pravati's lien.

15.     The Arizona Superior Court confirmed the Second Amended Final Award on December 13, 2021, and later, on May 2, 2022, entered judgment in favor of Pravati on the Second Amended Final Award for $350,424.80 plus continuing interest (the "Conversion Judgment").

16.     Randolph's two frivolous lawsuits resulted in (1) a judgment for payment of Pravati's legal fees incurred in the amount of $32,128.00 and costs of $96.00 (the "District Court Judgment") and (2) a judgment for payment of Pravati's legal fees incurred in the amount of $19,723.01 and costs of $378.08 (the "Superior Court Judgment").

17.     The District Court Judgment was registered in the State of Illinois on June 7, 2022, and on July 7, 2022, Pravati recorded its registered District Court Judgment with the Cook County Clerk's Office, Illinois.

---

[1] Respectively, Case No. CV-21-00713 and Case No. CV2021-006612.

AFDOCS:26894569.3

18.     Pravati registered its Conversion Judgment in the State of Illinois on August 12,

2022, and on August 18, 2022, Pravati recorded its registered Conversion Judgment with the Cook

County Clerk's Office, Illinois.

19.     Randolph formed Law Office of Justin G. Randolph, Inc. on June 16, 2020 under

Illinois Secretary of State File Number 72779959

**B.      Debtors' Bankruptcy Case.**

20.     On September 1, 2022 (the "Petition Date"), Debtors filed with this Court a joint

petition for chapter 13 relief (the "Bankruptcy Case").[2]

21.     In their schedules [Dkt. No. 12], Debtors listed minimal assets, but included a 50%

interest in Randolph & Holloway, valued at $0, as well as a 100% interest in "Justin Randolph

Law," also valued at $0.

22.     On November 28, 2022, Pravati filed its *Adversary Complaint to Determine

Dischargeability of Debt* (the "Nondischargeability Action"),[3] seeking to have the debt owed to

Pravati deemed nondischargeable for fraud.

23.     On February 8, 2023, Pravati filed its Amended Adversary Complaint on to include

embezzlement, fraudulent intent, and defalcation by a fiduciary.

## III.

## RELIEF REQUESTED

24.     Pursuant to Bankruptcy Rule 2004, Pravati requests entry of an order (a) directing

Randolph & Holloway, which is obviously under Debtor Randolph's control and, regardless, is

personally represented by attorney Justin Randolph in ongoing court cases through the present

time, to produce all documents and information responsive to the requests listed in **Exhibit A**

---

[2] Bankr. Case No. 22-10032.
[3] Adv. No. 22-00190.

AFDOCS:26894569.3

attached to the Stoops Declaration, as well as (b) requiring a representative of Randolph & Holloway to appear for an oral examination – a representative such as attorney Justin Randolph or longstanding co-counsel Philip Holloway.

25.    In addition, Pravati seeks entry of an order (a) directing Holloway, Randolph and Co-Obligor, Sylverne, and LOOJGR to produce all documents and information responsive to the requests listed in **Exhibits B**, **C**, **D**, and **E**, respectively attached to the Stoops Declaration, as well as (b) requiring Holloway, Randolph, Sylverne, and LOOJGR to appear for an oral examination.

26.    In order to gain a clearer picture of the Estate and allow justice to be served in this case, Pravati requires documents and information regarding Randolph & Holloway's business, its valuation (e.g., assets and liabilities), its financials, the transfer of cases, clients, and other assets from insider Randolph and Co-Obligor to it; Randolph's involvement in the firm and the transfers; its handling and/or resolution of cases (historical and current); its knowledge of Pravati's lien rights; its failure to follow certain corporate formalities; the commingling of assets; transfers to Witnesses and the New Randolph Entities; and other relevant matters.

27.    Because Pravati understands that Randolph has also incorporated Co-Obligor as LOOJGR and scheduled an interest in Justin Randolph Law, Pravati requires documents and information related to LOOJGR's businesses, valuations (e.g., assets and liabilities), financials, the transfer of cases, clients, and other assets from insider Randolph and Co-Obligor to them; Randolph's involvement in the firms and the transfers; their handling and/or resolution of cases (historical and current); their knowledge of Pravati's lien rights; their failure to follow certain corporate formalities; the commingling of assets; transfers to Witnesses and Randolph & Holloway; and other relevant matters.

AFDOCS:26894569.3

28.     From Holloway, who has been the sole other attorney working with the Debtor Randolph at both Co-Obligor and Randolph & Holloway, Pravati requires documents related to Holloway's compensation and employment by Randolph & Holloway and Co-Obligor; information related to the business, valuation (e.g., assets and liabilities), financials, the transfer of cases, clients, and other assets of Randolph & Holloway, Co-Obligor, and the New Randolph Entities; what transfers he made to or received from the other Witnesses; his communications regarding the formation of Randolph & Holloway; the handling and resolution of cases in Randolph & Holloway and Co-Obligor; the cases he worked on for Randolph & Holloway and Co-Obligor; and other relevant matters.

29.     From Randolph and his sole proprietorship the Co-Obligor, Pravati requires documents related to Randolph's compensation and employment by Randolph & Holloway and Co-Obligor; information related to the business, valuation (e.g., assets and liabilities), financials, the transfer of cases, clients, and other assets of Co-Obligor; what transfers he made to or received from the other Witnesses; his communications regarding the formation for Randolph & Holloway; assets (including real and personal property), income, and expenses in the Debtors' Schedules; and other relevant matters.

30.     And from Sylverne, Pravati requires documents related to any transfers she made to or received from the other Witnesses; and assets (including real and personal property), income, and expenses in the Debtors' Schedules; and other relevant matters.

31.     Pravati has been subjected to substantial expense and years of litigation and arbitration because Debtors have refused to deal with Pravati in good faith and make good on their obligations.

- 13 -

32.     Due to Debtors' extensive efforts to escape their obligations to Pravati, and perhaps also other creditors, it is necessary to obtain full documentation of Debtors' financial affairs, including the law firm(s) that Debtor continues to own, dominate, and control, first, the Co-Obligor and the successor law firm he is now calling Randolph & Holloway.

**IV.**

**DISCUSSION**

33.     Pursuant to Bankruptcy Rule 2004, "On motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).

34.     This examination may concern an inquiry into the debtor's acts, conduct, financial affairs, or any matter that may affect the administration of the estate or any other matter relevant to the case. 9 Collier on Bankruptcy, ¶ 2004.02 (15th ed. Rev. 2008).

35.     "The general rule is that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted." *Matter of Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) (internal citations omitted). "The scope of examination allowed under Bankruptcy Rule 2004 is larger than that allowed under the Federal Rules of Civil Procedure and can legitimately be in the nature of a 'fishing expedition.'" *Ibid*.

36.     Examination under Rule 2004 "is designed to be a quick 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case." *In re Roman Catholic Church of the Diocese of Gallup*, 513 B.R. 761, 764 (Bankr. D. N.M. 2014) (quotation omitted). "[B]ecause Rule 2004 examination are taken pre-litigation, they need not be tied to specific factual allegations, and are subject to fewer objections on grounds of relevance." *Id.* (citing *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997)).

AFDOCS:26894569.3

37.     Nevertheless, an examination concerned with "'prosecuting the recovery of assets of the debtor and to determine whether any assets of the debtor are undisclosed and not accounted for'" is a "proper area of inquiry since it pertains to the debtor's financial affairs and would affect the administration of the debtor's estate." *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984).

38.     Moreover, the ability to conduct a Rule 2004 examination "is not limited to the debtor or his agents, but may extend to creditors and third parties who have had dealings with the debtor." *Matter of Wilcher*, 56 B.R. at 433 (citing *Chereton v. United States*, 286 F.2d 409, 413 (6th Cir.1961); *cert. denied* 366 U.S. 924, 81 S.Ct. 1351, 6 L.Ed.2d 384 (1961)).

39.     Here, Pravati seeks both documents and testimony related to Randolph & Holloway's business activities, its valuation (e.g., assets and liabilities), its financials, the transfer of cases, clients, and other assets from insider Debtor Justin Randolph to it, Randolph's involvement in the firm and the transfers, its handling and/or resolution of cases (historical and current), its knowledge of Pravati's lien rights, its failure to follow corporate formalities, the commingling of assets, and other matters.

40.     Pravati has concerns regarding the creation of Randolph & Holloway as an alter ego created to receive Pravati's collateral from the Randolph's sole proprietorship in a deliberate attempt to shield assets from Pravati by a Debtor who has previously gone so far as to steal collateral away from Pravati.

41.     Furthermore, because Pravati understands that Randolph incorporated Co-Obligor as LOOJGR, and scheduled an interest in Justin Randolph Law, Pravati requires documents and information related to LOOJGR's businesses, valuations (e.g., assets and liabilities), financials, the transfer of cases, clients, and other assets from insider Randolph and Co-Obligor to them;

- 15 -

Randolph's involvement in the firms and the transfers; their handling and/or resolution of cases (historical and current); their knowledge of Pravati's lien rights; their failure to follow certain corporate formalities; the commingling of assets; transfers to Witnesses and Randolph & Holloway; and other relevant matters.

42.     Because Holloway has practiced with Randolph for years, first at the Co-Obligor, and now at Randolph & Holloway, Pravati believes that he also has information related to the law firms that Randolph has controlled.  Accordingly, Pravati seeks documents and testimony related to Holloway's compensation and employment by Randolph & Holloway and Co-Obligor; information related to the business, valuation (e.g., assets and liabilities), financials, the transfer of cases, clients, and other assets of Randolph & Holloway, Co-Obligor, and the New Randolph Entities; what transfers he made to or received from the other Witnesses; his communications regarding the formation of Randolph & Holloway; the handling and resolution of cases in Randolph & Holloway and Co-Obligor; the cases he worked on for Randolph & Holloway and Co-Obligor; and other relevant matters.

43.     More generally, the Randolph's conduct towards Pravati (and perhaps other creditors as well) has given rise to justifiable suspicion that he may have concealed—and still be concealing—additional assets and may have been less than forthright during the course of this bankruptcy case.

44.     This lack of transparency is why creditors, including Pravati, have not been able to get an accurate and complete picture of the Debtors' assets, income, and liabilities, and the requested information is necessary to determine whether Debtors' proposed chapter 13 plan satisfies the "best interests of creditors" test under 11 U.S.C. § 1325(a)(4).

AFDOCS:26894569.3

45.     Therefore, Pravati is seeking documents and testimony from Randolph and Co-Obligor regarding his compensation and employment by Randolph & Holloway and Co-Obligor; information related to the business, valuation (e.g., assets and liabilities), financials, the transfer of cases, clients, and other assets of Co-Obligor; what transfers he made to or received from the other Witnesses; his communications regarding the formation for Randolph & Holloway; assets (including real and personal property), income, and expenses in the Debtors' Schedules; and other relevant matters.

46.     For the same reason, Pravati is seeking documents and testimony from Sylverne regarding what transfers she made to or received from the other Witnesses; and assets (including real and personal property), income, and expenses in the Debtors' Schedules; and other relevant matters.

47.     Thus, Pravati may have additional grounds for objections to confirmation but due to the Debtors' lack of transparency and Randolph's continued machinations to avoid fulfilling his obligations to Pravati, additional information is required to know the full truth in order for justice to be served.

48.     Although the Nondischargeability Action is currently pending before the Court, the documents sought from the Witnesses are not related to the Nondischargeability Proceeding, and the information sought may be crucial to determine the full extent of assets which may have been concealed from Pravati, other creditors, and the Court.  Debtors must disclose the true scope of their assets, not the fiction they have tried to concoct.  Moreover, Randolph & Holloway, as well as Holloway, can be fairly required to provide the requested documents and testimony due to their close business and financial relationships with Randolph.

AFDOCS:26894569.3

49.     Finally, the form and contents of this Motion comport with the requirements of Fed.

R. Civ. P. 45, as incorporated by Fed. R. Bankr. P. 9016.  This Motion, along with **Exhibits A**, **B**,

**C**, **D**, and **E** attached to the Stoops Declaration, specify the name of the issuing court, the title of

the action and the case number, and the time, place, and method for the requested productions.

### V.

### <u>CONCLUSION</u>

50.     WHEREFORE, based on the foregoing, Pravati respectfully requests that this Court

enter an order (i) granting the Motion; (ii) directing Witnesses to produce all documents and

information responsive to the requests listed in **Exhibits A**, **B**, **C**, **D**, and **E** by no later than March

1, 2023 at 5:00 p.m. (Central Time) to the offices of ArentFox Schiff LLP, 233 South Wacker

Drive, Suite 7100, Chicago, IL 60606; (iii) requiring the Witnesses to each appear for an oral

examination, at a time to be determined, and to be held at the offices of Pravati's counsel, ArentFox

Schiff LLP, located at 233 South Wacker Drive, Suite 7100, Chicago, IL 60606; and (iv) granting

such other and further relief as this Court deems just and appropriate.

AFDOCS:26894569.3

Dated: February 8, 2023

Respectfully submitted,

**ARENTFOX SCHIFF LLP**


By: */s/ Annie Y. Stoops*

Aram Ordubegian (*pro hac vice admitted*)
Annie Y. Stoops (*pro hac vice admitted*)
ArentFox Schiff LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Facsimile: (213) 629-7401
Email: aram.ordubegian@afslaw.com;
annie.stoops@afslaw.com

J. Mark Fisher (ARDC No. 3121711)
ArentFox Schiff LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606 USA
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
Email: mark.fisher@afslaw.com

Attorneys for Pravati SPV II, LLC

AFDOCS:26894569.3

## <u>DECLARATION OF ANNIE Y. STOOPS</u>

I, Annie Y. Stoops, declare as follows:

1.      I am an attorney at the law firm ArentFox Schiff LLP, counsel to creditor Pravati SPV II, LLC ("Pravati").  If called as a witness, I could and would testify to the matters set forth in this declaration.

2.      I make this declaration in support of the foregoing *Creditor Pravati SPV II, LLC's Motion for Order Authorizing Examination of (1) Randolph & Holloway LLC; (2) Philip Holloway; (3) Justin Randolph and Law Office of Justin G. Randolph; (4) Stephanie Sylverne; and (5) Law Office of Justin G. Randolph, Inc. and Document Production Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "Motion").  All capitalized terms used herein shall have the meaning ascribed to them in the Motion unless otherwise defined.

3.      The examination sought cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014 because although Pravati is currently prosecuting the Nondischargeability Action against the Debtor Randolph, some of the requested documents and information sought herein are not within the scope of the pending adversary action.  Accordingly, a Rule 2004 exam is the only means for Pravati to obtain the necessary oral testimony and the production of documents.  A true and correct copy of the documents requested from Randolph & Holloway LLC is attached hereto as **Exhibits A**, **B**, **C**, **D**, and **E**, respectively.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed February 8, 2023, at Los Angeles, California.

By: */s/ Annie Y. Stoops*
Annie Y. Stoops

AFDOCS:26894569.3

# EXHIBIT A

## EXHIBIT A

## I.

## INSTRUCTIONS AND PRELIMINARY STATEMENT

The following instructions shall be considered to be applicable to all demands for production of documents contained herein:

A.      In producing documents and things, you are requested to furnish all documents known or available to you, regardless of whether these documents are in your possession, custody or control or are possessed by any subsidiary or affiliated entities, officers, directors, agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

B.      In producing documents, any comment, notation, or marking appearing on any document and not a part of the original is to be considered a separate document, and any draft, preliminary form or superseded version of any document is also to be considered a separate document.

C.      In producing documents, all documents should be produced in the same order as they are kept or maintained.

D.      In producing documents, all documents should be produced in the file, folder, envelope, format, or other container in which the documents are kept or maintained. If for any reason said container cannot be produced, please produce copies of all labels or other identifying markings.

E.      In producing documents, documents attached to each other must not be separated.

F.      In producing documents, if you assert any privilege concerning the identification or production of any of the documents described below, or if you object to the identification or

- 1 -

production of any such documents on any grounds, or if you for any reason contend that any of the documents described below are not subject to discovery for any reason, then specify in detail in your response, the precise grounds for the objection, privilege, or other contention which you make in this regard, and describe in detail the document or documents as to which you assert this privilege, objection or contention.  Such description shall include a statement of the general nature of the document, the name of each person who executed it, the name of each person who has received the original or copies of it, the name of each person who has seen the original or any copies of it, the name of each person with whom it was discussed, and a general description of the nature and contents of the documents. Finally, you should identify and produce for inspection and copying all documents which fit the description set forth below as to which you do not assert any such privilege, objection, or contention.

G.      In producing documents, you are to consider this request a continuing request, and you are obligated to supplement your response by identifying and producing responsive documents that come to your attention, or into your possession, custody or control, subsequent to your response and production prior to, or at the deposition or at or prior to any continued deposition date thereof.

H.      In construing the requests, the singular form of a word shall be interpreted to include the plural, and the plural form of a word shall be interpreted to include the singular.

## II.

## DEFINITIONS

A.      The terms "YOU," "YOUR," and "RANDOLPH & HOLLOWAY" shall mean and refer to Randolph & Holloway LLC, including any and all agents, employees, members, managers, incorporators, and any other person acting on YOUR behalf, including HOLLOWAY.

- 2 -

B.      The term "PERSON" includes individuals, sole proprietorships, entities of any type, partnerships, corporations, members, managers, shareholders, directors, officers, and employees.

C.      The term "DEBTOR" and "DEBTORS" refers to the debtors RANDOLPH, SYLVERNE, the NEW RANDOLPH ENTITIES, and CO-OBLIGOR, collectively or any of them individually, and includes any agent, partner, employee, member, manager, officer, director, or any other entity or individual acting on behalf of the same, including but not limited to, RANDOLPH or HOLLOWAY.

D.      The term "RANDOLPH" shall mean and refer to the debtor Justin Randolph and CO-OBLIGOR, including any and all agents, employees, and any other person acting on RANDOLPH'S behalf, including, but not limited to, CO-OBLIGOR.

E.      The term "SYLVERNE" refers to the debtor Stephanie Sylverne, including any and all agents, employees, and any other person acting on her behalf.

F.      The term "HOLLOWAY" refers to Philip Holloway, including any and all agents, employees, and any other person acting on his behalf.

G.      The term "LOOJGR" shall mean and refer to Law Office of Justin G. Randolph, Inc., formed on June 16, 2020 under Illinois Secretary of State File Number 72779959, including any and all agents, employees, and any other person acting on LOOJGR'S behalf.

H.      The term "BROWN" refers to Carolyn Brown, including any and all agents, employees, and any other person acting on her behalf.

I.      The term "CO-OBLIGOR" refers to the law firm, Law Office of Justin G. Randolph, operated by RANDOLPH as a sole proprietorship.

J.      The term "NEW RANDOLPH ENTITIES" refers to, each individually and both collectively: (1) LOOJGR; and (2) the business by the name of "Justin Randolph Law," as disclosed at ¶ 19 of Schedule A/B of DEBTOR'S Petition, filed in the United States Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12.

K.      The term "PRAVATI" refers to, each individually and all collectively, Pravati SPV II, LLC; Pravati Capital LLC; Pravati Credit Fund III LP; Alex Chucri, Ian Abaie, Arbitrage Capital Ventures, LLC, Binkley Properties, LLC, Robert Binkley, Hoyt Neal, and any and all agents, employees, members, managers, limited partners, general partners, and any other person acting on PRAVATI'S behalf or managed by PRAVATI.

L.      The term "ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which RANDOLPH & HOLLOWAY, DEBTORS, CO-OBLIGOR, LOOJGR, HOLLOWAY, OR THE NEW RANDOLPH ENTITIES have rendered, have agreed to render, or reasonably anticipate rendering services of any type; have appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or are entitled to, have contracted for, or have received, been paid, generated, negotiated, discussed, promised, addressed, were pledged, were assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds, including, but not limited to, any R&H ENGAGEMENT, LOOJGR ENGAGEMENT, or CO-OBLIGOR ENGAGEMENT.

M.      The term "R&H ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which RANDOLPH & HOLLOWAY has rendered, has agreed to render, or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has

received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

N.      The term "LOOJGR ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which LOOJGR has rendered, has agreed to render, or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

O.      The term "CO-OBLIGOR ENGAGEMENT" shall mean a case, dispute, engagement, matter, client or customer wherein or to whom ANY DEBTOR, CO-OBLIGOR, or the NEW RANDOLPH ENTITIES, collectively and either individually, has rendered, has agreed to render, or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

P.      The term "BANK ACCOUNT" shall mean all checking, savings, or other financial accounts, including but not limited to, certificates of deposit; and share accounts with credit unions, brokerage houses, and other similar institutions.

Q.      The term "TRANSFER" shall mean the transfer, sale, disposition, or other deliverance of ownership or possession of valuable interest, money, real property, or personal property.

R.      The term "DOCUMENTS" shall mean and refer to the definition of "writing" set forth in Federal Rule of Evidence 1001, and includes the original and any drafts, iterations and non-identical duplicates, and both sides thereof, no matter how produced, prepared, stored, recorded, reproduced or transmitted, of handwriting, typewriting, printing, photostatting, photographing, electronic mail (e-mail), and every other means of recording upon any tangible thing, documents stored in electronic form, computerized records, computer files, and all other information capable of being retrieved from a computer, and any other form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations thereof, and including correspondence, letters, and other communications.

S.      The conjunctions "AND" and "OR" each mean and include both "and" and "or" and do not exclude any information otherwise within the scope of either.

T.      The term "COMMUNICATION" shall mean correspondence, telephone conversations, person-to-person conversations, memoranda, e-mails (including text messages, correspondence and the like), facsimiles, telegrams, press releases, announcements, audio and video recordings and all other forms of communicating language or thought.

U.      The terms "ALL" and "ANY" means "all, each, and every."

V.      The term "CONTRACT" refers to any documents evidencing an agreement, alleged agreement, or any Document that might reasonably be construed as an agreement, or which is being asserted as an agreement, irrespective of whether it is disputed.

W.      The phrase "RELATING," "RELATED," "RELATING TO," or "RELATE TO" shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, comprising, embodying, referring to, relating to, depicting, connected with and boding, evidencing, constituting, concerning, reporting, or involving an act, occurrence event, transaction, fact, thing, or course of dealing.

## III.

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1:

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY BANK ACCOUNTS through and including the current date, RELATING TO RANDOLPH & HOLLOWAY, including, without limitation, BANK ACCOUNT statements, trust account statements, credit card statements, and loan and other account applications.

### REQUEST FOR PRODUCTION NO. 2:

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO finances, accounting, valuation, performance, income, revenues, expenses, assets, liabilities, debts, or taxation, RELATING TO RANDOLPH & HOLLOWAY,  through and including the current date, including, without limitation, profit and loss statements, ledgers, journals, balance sheets, financial statements, tax returns, appraisals, invoices, statements, deposit slips, checks, wire transfer notices, and receipts, and all CONTRACTS relating thereto.

### REQUEST FOR PRODUCTION NO. 3:

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO governance, formation, structure, capitalization, funding, financing, collateralization, security interests, or operation of or liens against RANDOLPH & HOLLOWAY,  including but not limited

to articles of incorporation, articles of organization, partnership agreements, operating agreements, employment agreements, independent contractor agreements, agency CONTRACTS, policies, manuals, certificates, security CONTRACTS, factoring contracts, receivable sales, reimbursement CONTRACTS, and ANY other CONTRACTS or agreements.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, distribution, or payment made by RANDOLPH & HOLLOWAY to DEBTORS, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, employment CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, or distribution payment made by RANDOLPH & HOLLOWAY to HOLLOWAY, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, employment CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, or distribution payment issued from RANDOLPH & HOLLOWAY to ANY PERSON, such as the NEW RANDOLPH ENTITIES, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, employment CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL R&H ENGAGEMENTS, matters, clients, or services for which revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds were received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, CONTRACTED for, expected, or earned by RANDOLPH & HOLLOWAY, including but not limited to ENGAGEMENT or matter lists and documents relating to the calculation of such revenues, compensation, money, fees, remuneration, funds, receivables, or proceeds (e.g., settlement agreements, judgments, orders, representation agreements, closing statements, disbursement statements, co-counsel CONTRACTS, fee sharing CONTRACTS, referral fee CONTRACTS, and invoices).

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL NEW RANDOLPH ENTITIES, matters, clients, or services for which revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds were received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, CONTRACTED for, expected, or earned by RANDOLPH & HOLLOWAY, including but not limited to ENGAGEMENT or matter lists and documents relating to the calculation of such revenues, compensation, money, fees, remuneration, funds, receivables, or proceeds (e.g., settlement agreements, judgments, orders, representation agreements, closing statements, disbursement statements, co-counsel CONTRACTS, fee sharing CONTRACTS, referral fee CONTRACTS, and invoices).

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL CO-OBLIGOR ENGAGEMENTS, matters, clients, or services for which revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds were received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, CONTRACTED for, expected, or earned by RANDOLPH & HOLLOWAY, including but not limited to ENGAGEMENT or matter lists and documents relating to the calculation of such revenues, compensation, money, fees, remuneration, funds, receivables, or proceeds (e.g., settlement agreements, judgments, orders, representation agreements, closing statements, disbursement statements, co-counsel CONTRACTS, fee sharing CONTRACTS, referral fee CONTRACTS, and invoices).

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS that provide or RELATE TO the following information for each R&H ENGAGEMENT: (a) name, address, phone number, and email address of ALL clients involved in such ENGAGEMENT; (b) the name of ALL RELATED matters; (c) ALL jurisdictions, venues, and fora of ALL RELATED cases, disputes, or matters; (d) ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g) status of ALL RELATED cases, disputes, or matters; and (h) whether, when, and to which PERSON revenues, compensation, money, remuneration, funds, reimbursements, receivables, fees, or proceeds were paid, received, earned, CONTRACTED for, or recovered, and ALL amounts thereof.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS that provide the following information for ANY NEW RANDOLPH ENTITIES ENGAGEMENT transferred to or which was at ANY time retained, hired, represented,

contacted, contracted, or solicited by RANDOLPH & HOLLOWAY or from or on behalf of which RANDOLPH & HOLLOWAY received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, contracted for, expected, or earned revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds: (a) name, address, phone number, and email address of ALL clients involved; (b) the name of ALL RELATED matters;  (c) ALL jurisdictions, venues, and for a of ALL RELATED cases, disputes, or matters; (d) ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g) status of ALL RELATED cases, disputes, or matters; and (h) whether, when, and to which PERSON revenues, compensation, money, remuneration, funds, reimbursements, receivables, fees, or proceeds were paid, received, earned, contracted for, or recovered by, and ALL amounts thereof.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS that provide or RELATE TO ANY of the following information for ANY CO-OBLIGOR ENGAGEMENT transferred to or which was at any time retained, hired, represented, contacted, contracted, or solicited by RANDOLPH & HOLLOWAY or from or on behalf of which RANDOLPH & HOLLOWAY received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, contracted for, expected, or earned revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds: (a) name, address, phone number, and email address of ALL clients involved; (b) the name of ALL RELATED matters;  (c) ALL jurisdictions, venues, and for a of ALL RELATED cases, disputes, or matters; (d) ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g) status of ALL RELATED cases, disputes, or matters; and (h) whether, when, and to which Person revenues, compensation, money,

remuneration, funds, reimbursements, receivables, fees, or proceeds were paid, received, earned, contracted for, or recovered by, and ALL amounts thereof.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from DEBTORS to RANDOLPH & HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from the NEW RANDOLPH ENTITIES to RANDOLPH & HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from HOLLOWAY to RANDOLPH & HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from BROWN to RANDOLPH & HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from RANDOLPH & HOLLOWAY to DEBTORS.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from RANDOLPH & HOLLOWAY to the NEW RANDOLPH ENTITIES.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from RANDOLPH & HOLLOWAY to HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from RANDOLPH & HOLLOWAY to BROWN.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL CONTRACTS or agreements with or involving RANDOLPH & HOLLOWAY, including but not

limited to CONTRACTS with customers (current or former) and/or clients (current or former) thereof.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO PRAVATI.

**REQUEST FOR PRODUCTION NO. 23:**

ALL COMMUNICATIONS between CO-OBLIGOR, on the one hand, and RANDOLPH & HOLLOWAY, on the other.

**REQUEST FOR PRODUCTION NO. 24:**

ALL COMMUNICATIONS between the NEW RANDOLPH ENTITIES, on one hand, and RANDOLPH & HOLLOWAY, on the other.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO the solicitation of, retention of, acquisition of, advertising to, or retention of customers (current or former), clients (current or former), or matters (current or former) of CO-OBLIGOR.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO the solicitation of, retention of, acquisition of, advertising to, or retention of customers (current or former), clients (current or former), or matters (current or former) of the NEW RANDOLPH ENTITIES.

**REQUEST FOR PRODUCTION NO. 27:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO the solicitation of, retention of, acquisition of, advertising to, or retention of customers (current or former), clients (current or former), or matters (current or former) of DEBTORS.

**REQUEST FOR PRODUCTION NO. 28:**

ALL DOCUMENTS RELATING TO insurance coverage of ANY type in place, held by or RELATING TO DEBTORS, CO-OBLIGOR, or YOU, including but not limited to policy page(s) and declaration(s), and irrespective of the type of insurance coverage (e.g., loss, liability, malpractice, professional liability, unemployment).

# EXHIBIT B

**EXHIBIT B**

**I.**

**INSTRUCTIONS AND PRELIMINARY STATEMENT**

The following instructions shall be considered to be applicable to all demands for production of documents contained herein:

A.     In producing documents and things, you are requested to furnish all documents known or available to you, regardless of whether these documents are in your possession, custody or control or are possessed by any subsidiary or affiliated entities, officers, directors, agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

B.     In producing documents, any comment, notation, or marking appearing on any document and not a part of the original is to be considered a separate document, and any draft, preliminary form or superseded version of any document is also to be considered a separate document.

C.     In producing documents, all documents should be produced in the same order as they are kept or maintained.

D.     In producing documents, all documents should be produced in the file, folder, envelope, format, or other container in which the documents are kept or maintained. If for any reason said container cannot be produced, please produce copies of all labels or other identifying markings.

E.     In producing documents, documents attached to each other must not be separated.

F.     In producing documents, if you assert any privilege concerning the identification or production of any of the documents described below, or if you object to the identification or

- 1 -

production of any such documents on any grounds, or if you for any reason contend that any of the documents described below are not subject to discovery for any reason, then specify in detail in your response, the precise grounds for the objection, privilege, or other contention which you make in this regard, and describe in detail the document or documents as to which you assert this privilege, objection or contention.  Such description shall include a statement of the general nature of the document, the name of each person who executed it, the name of each person who has received the original or copies of it, the name of each person who has seen the original or any copies of it, the name of each person with whom it was discussed, and a general description of the nature and contents of the documents. Finally, you should identify and produce for inspection and copying all documents which fit the description set forth below as to which you do not assert any such privilege, objection, or contention.

G.    In producing documents, you are to consider this request a continuing request, and you are obligated to supplement your response by identifying and producing responsive documents that come to your attention, or into your possession, custody or control, subsequent to your response and production prior to, or at the deposition or at or prior to any continued deposition date thereof.

H.    In construing the requests, the singular form of a word shall be interpreted to include the plural, and the plural form of a word shall be interpreted to include the singular.

## II.

## **DEFINITIONS**

A.    The terms "YOU," "YOUR," and "HOLLOWAY" shall mean and refer to Philip Holloway, including any and all agents, employees, and any other person acting on YOUR behalf.

B.      The term "PERSON" includes individuals, sole proprietorships, entities of any type, partnerships, corporations, members, managers, shareholders, directors, officers, and employees.

C.      The term "DEBTOR" and "DEBTORS" refers to the debtors RANDOLPH, SYLVERNE, the NEW RANDOLPH ENTITIES, and CO-OBLIGOR, collectively or any of them individually, and includes any agent, partner, employee, member, manager, officer, director, or any other entity or individual acting on behalf of the same, including but not limited to, RANDOLPH or HOLLOWAY.

D.      The term "RANDOLPH" shall mean and refer to each and/or any one or more of the following: debtor Justin Randolph, the NEW RANDOLPH ENTITIES, and CO-OBLIGOR, including any and all agents, employees, and any other person acting on YOUR behalf, including, but not limited to, CO-OBLIGOR.

E.      The term "SYLVERNE" refers to the debtor Stephanie Sylverne, including any and all agents, employees, and any other person acting on her behalf.

F.      The term "LOOJGR" shall mean and refer to Law Office of Justin G. Randolph, Inc., formed on June 16, 2020 under Illinois Secretary of State File Number 72779959, including any and all agents, employees, and any other person acting on LOOJGR'S behalf.

G.      The term "RANDOLPH & HOLLOWAY" shall mean and refer to Randolph & Holloway LLC, including any and all agents, employees, and any other person acting on RANDOLPH & HOLLOWAY'S behalf, including HOLLOWAY.

H.      The term "BROWN" refers to Carolyn Brown, including any and all agents, employees, and any other person acting on her behalf.

- 3 -

I.      The term "CO-OBLIGOR" refers to the law firm, Law Office of Justin G. Randolph, operated by RANDOLPH, as a sole proprietorship.

J.      The term "NEW RANDOLPH ENTITIES" refers to, each individually and both collectively: (1) LOOJGR; and (2) the business by the name of "Justin Randolph Law," as disclosed at ¶ 19 of Schedule A/B of DEBTOR'S Petition, filed in the United States Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12.

K.      The term "PRAVATI" refers to, each individually and all collectively, Pravati SPV II, LLC; Pravati Capital LLC; Pravati Credit Fund III LP; Alex Chucri, Ian Abaie, Arbitrage Capital Ventures, LLC, Binkley Properties, LLC, Robert Binkley, Hoyt Neal, and any and all agents, employees, members, managers, limited partners, general partners, and any other person acting on PRAVATI'S behalf or managed by PRAVATI.

L.      The term "ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which RANDOLPH & HOLLOWAY, DEBTORS, CO-OBLIGOR, LOOJGR, HOLLOWAY, OR THE NEW RANDOLPH ENTITIES have rendered, have agreed to render, or reasonably anticipate rendering services of any type; have appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or are entitled to, have contracted for, or have received, been paid, generated, negotiated, discussed, promised, addressed, were pledged, were assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds, including, but not limited to, any R&H ENGAGEMENT, LOOJGR ENGAGEMENT, or CO-OBLIGOR ENGAGEMENT.

M.      The term "R&H ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which RANDOLPH & HOLLOWAY has rendered, has agreed to render,

- 4 -

or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

N.     The term "LOOJGR ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which LOOJGR has rendered, has agreed to render, or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

O.     The term "CO-OBLIGOR ENGAGEMENT" shall mean a case, dispute, engagement, matter, client or customer wherein or to whom ANY DEBTOR, CO-OBLIGOR, or the NEW RANDOLPH ENTITIES, collectively and either individually, has rendered, has agreed to render, or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

P.     The term "BANK ACCOUNT" shall mean all checking, savings, or other financial accounts, including but not limited to, certificates of deposit; and share accounts with credit unions, brokerage houses, and other similar institutions.

Q.      The term "TRANSFER" shall mean the transfer, sale, disposition, or other deliverance of ownership or possession of valuable interest, money, real property, or personal property.

R.      The term "DOCUMENTS" shall mean and refer to the definition of "writing" set forth in Federal Rule of Evidence 1001, and includes the original and any drafts, iterations and non-identical duplicates, and both sides thereof, no matter how produced, prepared, stored, recorded, reproduced or transmitted, of handwriting, typewriting, printing, photostatting, photographing, electronic mail (e-mail), and every other means of recording upon any tangible thing, documents stored in electronic form, computerized records, computer files, and all other information capable of being retrieved from a computer, and any other form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations thereof, and including correspondence, letters, and other communications.

S.      The conjunctions "AND" and "OR" each mean and include both "and" and "or" and do not exclude any information otherwise within the scope of either.

T.      The term "COMMUNICATION" shall mean correspondence, telephone conversations, person-to-person conversations, memoranda, e-mails (including text messages, correspondence and the like), facsimiles, telegrams, press releases, announcements, audio and video recordings and all other forms of communicating language or thought.

U.      The terms "ALL" and "ANY" means "all, each, and every."

V.      The term "CONTRACT" refers to any documents evidencing an agreement, alleged agreement, or any Document that might reasonably be construed as an agreement, or which is being asserted as an agreement, irrespective of whether it is disputed.

W.      The phrase "RELATING," "RELATED," "RELATING TO," or "RELATE TO" shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, comprising, embodying, referring to, relating to, depicting, connected with and boding, evidencing, constituting, concerning, reporting, or involving an act, occurrence event, transaction, fact, thing, or course of dealing.

### III.

### DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY BANK ACCOUNTS through and including the current date, RELATING TO RANDOLPH & HOLLOWAY, including, without limitation, BANK ACCOUNT statements, trust account statements, credit card statements, and loan and other account applications.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY BANK ACCOUNTS through and including the current date, RELATING TO ANY NEW RANDOLPH ENTITIES, including, without limitation, BANK ACCOUNT statements, trust account statements, credit card statements, and loan and other account applications.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY BANK ACCOUNTS through and including the current date, RELATING TO CO-OBLIGOR, including, without limitation, BANK ACCOUNT statements, trust account statements, credit card statements, and loan and other account applications.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO finances, accounting, valuation, performance, income, revenues, expenses, assets, liabilities, debts, or taxation, RELATING TO RANDOLPH & HOLLOWAY,  through and including the current date, including, without limitation, profit and loss statements, ledgers, journals, balance sheets, financial statements, tax returns, appraisals, invoices, statements, deposit slips, checks, wire transfer notices, and receipts, and ALL CONTRACTS relating thereto.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO finances, accounting, valuation, performance, income, revenues, expenses, assets, liabilities, debts, or taxation, RELATING TO CO-OBLIGOR,  through and including the current date, including, without limitation, profit and loss statements, ledgers, journals, balance sheets, financial statements, tax returns, appraisals, invoices, statements, deposit slips, checks, wire transfer notices, and receipts, and ALL CONTRACTS relating thereto.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO finances, accounting, valuation, performance, income, revenues, expenses, assets, liabilities, debts, or taxation, RELATING TO ANY NEW RANDOLPH ENTITIES,  through and including the current date, including, without limitation, profit and loss statements, ledgers, journals, balance sheets, financial statements, tax returns, appraisals, invoices, statements, deposit slips, checks, wire transfer notices, and receipts, and ALL CONTRACTS relating thereto.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO governance, formation, structure, capitalization, funding, financing, collateralization, security interests, or operation of or liens against RANDOLPH & HOLLOWAY, including but not limited to articles of incorporation, articles of organization, partnership agreements, operating agreements, employment agreements, independent contractor agreements, agency CONTRACTS, policies, manuals, certificates, security CONTRACTS, factoring CONTRACTS, receivable sales, reimbursement CONTRACTS, and ANY other CONTRACTS or agreements.

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO governance, formation, structure, capitalization, funding, financing, collateralization, security interests, or operation of or liens against CO-OBLIGOR, including but not limited to articles of incorporation, articles of organization, partnership agreements, operating agreements, employment agreements, independent contractor agreements, agency CONTRACTS, policies, manuals, certificates, security CONTRACTS, factoring CONTRACTS, receivable sales, reimbursement CONTRACTS, and ANY other CONTRACTS or agreements.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, or distribution payment made by RANDOLPH & HOLLOWAY to HOLLOWAY, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, or distribution payment made by CO-OBLIGOR to HOLLOWAY, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, or distribution payment made by ANY NEW RANDOLPH ENTITIES to HOLLOWAY, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, or distribution payment issued from CO-OBLIGOR to ANY PERSON, such as the NEW RANDOLPH ENTITIES, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL R&H ENGAGEMENTS, matters, clients, or services for which revenues, compensation, money, remuneration, funds, receivables, or proceeds were received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, CONTRACTED for or earned by RANDOLPH & HOLLOWAY, including but not limited to ENGAGEMENT or matter lists and DOCUMENTS relating to the calculation of such revenues, compensation, money,

remuneration, funds, receivables, or proceeds (e.g., settlement agreements, judgments, orders, representation agreements, closing statements, and invoices).

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL CO-OBLIGOR ENGAGEMENTS, matters, clients, or services for which revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds were received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, CONTRACTED for, expected, or earned by RANDOLPH & HOLLOWAY, including but not limited to ENGAGEMENT or matter lists and DOCUMENTS relating to the calculation of such revenues, compensation, money, fees, remuneration, funds, receivables, or proceeds (e.g., settlement agreements, judgments, orders, representation agreements, closing statements, disbursement statements, co-counsel CONTRACTS, fee sharing CONTRACTS, referral fee CONTRACTS, and invoices).

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL NEW RANDOLPH ENTITIES, matters, clients, or services for which revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds were received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, CONTRACTED for, expected, or earned by RANDOLPH & HOLLOWAY, including but not limited to ENGAGEMENT or matter lists and DOCUMENTS relating to the calculation of such revenues, compensation, money, fees, remuneration, funds, receivables, or proceeds (e.g., settlement agreements, judgments, orders, representation agreements, closing statements,

disbursement statements, co-counsel CONTRACTS, fee sharing CONTRACTS, referral fee CONTRACTS, and invoices).

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS that provide or RELATE TO the following information for each R&H ENGAGEMENT: (a) name, address, phone number, and email address of ALL clients involved in such ENGAGEMENT; (b) the name of ALL RELATED matters; (c) ALL jurisdictions, venues, and fora of ALL RELATED cases, disputes, or matters; (d) ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g) status of ALL RELATED cases, disputes, or matters; and (h) whether, when, and to which PERSON revenues, compensation, money, remuneration, funds, reimbursements, receivables, fees, or proceeds were paid, received, earned, CONTRACTED for, or recovered, and ALL amounts thereof.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS that provide the following information for each CO-OBLIGOR ENGAGEMENT transferred to or which was at ANY time retained, hired, represented, contacted, contracted, or solicited by RANDOLPH & HOLLOWAY or from or on behalf of which RANDOLPH & HOLLOWAY received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, contracted for, expected, or earned revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds: (a) name, address, phone number, and email address of ALL clients involved; (b) the name of ALL RELATED matters;  (c) ALL jurisdictions, venues, and for a of ALL RELATED cases, disputes, or matters; (d) ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g) status of ALL RELATED cases, disputes, or matters; and (h) whether, when, and to which PERSON revenues, compensation, money,

remuneration, funds, reimbursements, receivables, fees, or proceeds were paid, received, earned, contracted for, or recovered by, and ALL amounts thereof.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS that provide the following information for ANY NEW RANDOLPH ENTITIES transferred to or which was at any time retained, hired, represented, contacted, contracted, or solicited by RANDOLPH & HOLLOWAY or from or on behalf of which RANDOLPH & HOLLOWAY received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, contracted for, expected, or earned revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds: (a) name, address, phone number, and email address of ALL clients involved; (b) the name of ALL RELATED matters; (c) ALL jurisdictions, venues, and for a of ALL RELATED cases, disputes, or matters; (d) ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g) status of ALL RELATED cases, disputes, or matters; and (h) whether, when, and to which PERSON revenues, compensation, money, remuneration, funds, reimbursements, receivables, fees, or proceeds were paid, received, earned, contracted for, or recovered by, and ALL amounts thereof.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from HOLLOWAY to RANDOLPH & HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from HOLLOWAY to ANY NEW RANDOLPH ENTITIES.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from HOLLOWAY to CO-OBLIGOR.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from HOLLOWAY to DEBTORS.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from RANDOLPH & HOLLOWAY to HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from the NEW RANDOLPH ENTITIES to HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from DEBTORS to HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from CO-OBLIGOR to HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 27:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL CONTRACTS or agreements with or involving RANDOLPH & HOLLOWAY, including but not limited to CONTRACTS with customers (current or former) and/or clients (current or former) thereof.

**REQUEST FOR PRODUCTION NO. 28:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL CONTRACTS or agreements with or involving CO-OBLIGOR, including but not limited to CONTRACTS with customers (current or former) and/or clients (current or former) thereof.

**REQUEST FOR PRODUCTION NO. 29:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO PRAVATI.

**REQUEST FOR PRODUCTION NO. 30:**

ALL COMMUNICATIONS between CO-OBLIGOR, on the one hand, and RANDOLPH & HOLLOWAY, on the other.

**REQUEST FOR PRODUCTION NO. 31:**

ALL COMMUNICATIONS between the NEW RANDOLPH ENTITIES, on one hand, and RANDOLPH & HOLLOWAY, on the other.

**REQUEST FOR PRODUCTION NO. 32:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO the solicitation of, retention of, acquisition of, advertising to, or retention of customers (current or former), clients (current or former), or matters (current or former) of DEBTORS.

**REQUEST FOR PRODUCTION NO. 33:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO the solicitation of, retention of, acquisition of, advertising to, or retention of customers (current or former), clients (current or former), or matters (current or former) of the NEW RANDOLPH ENTITIES.

**REQUEST FOR PRODUCTION NO. 34:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO the solicitation of, retention of, acquisition of, advertising to, or retention of customers (current or former), clients (current or former), or matters (current or former) of RANDOLPH & HOLLOWAY.

# EXHIBIT C

## EXHIBIT C

## I.

## INSTRUCTIONS AND PRELIMINARY STATEMENT

The following instructions shall be considered to be applicable to all demands for production of documents contained herein:

A.      In producing documents and things, you are requested to furnish all documents known or available to you, regardless of whether these documents are in your possession, custody or control or are possessed by any subsidiary or affiliated entities, officers, directors, agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

B.      In producing documents, any comment, notation, or marking appearing on any document and not a part of the original is to be considered a separate document, and any draft, preliminary form or superseded version of any document is also to be considered a separate document.

C.      In producing documents, all documents should be produced in the same order as they are kept or maintained.

D.      In producing documents, all documents should be produced in the file, folder, envelope, format, or other container in which the documents are kept or maintained. If for any reason said container cannot be produced, please produce copies of all labels or other identifying markings.

E.      In producing documents, documents attached to each other must not be separated.

F.      In producing documents, if you assert any privilege concerning the identification or production of any of the documents described below, or if you object to the identification or

- 1 -

production of any such documents on any grounds, or if you for any reason contend that any of the documents described below are not subject to discovery for any reason, then specify in detail in your response, the precise grounds for the objection, privilege, or other contention which you make in this regard, and describe in detail the document or documents as to which you assert this privilege, objection or contention.  Such description shall include a statement of the general nature of the document, the name of each person who executed it, the name of each person who has received the original or copies of it, the name of each person who has seen the original or any copies of it, the name of each person with whom it was discussed, and a general description of the nature and contents of the documents. Finally, you should identify and produce for inspection and copying all documents which fit the description set forth below as to which you do not assert any such privilege, objection, or contention.

G.      In producing documents, you are to consider this request a continuing request, and you are obligated to supplement your response by identifying and producing responsive documents that come to your attention, or into your possession, custody or control, subsequent to your response and production prior to, or at the deposition or at or prior to any continued deposition date thereof.

H.      In construing the requests, the singular form of a word shall be interpreted to include the plural, and the plural form of a word shall be interpreted to include the singular.

## II.

## **DEFINITIONS**

A.      The terms "YOU," "YOUR," and "RANDOLPH" shall mean and refer to each and/or any one or more of the following: debtor Justin Randolph, the NEW RANDOLPH

AFDOCS:26920902.3

ENTITIES, and CO-OBLIGOR, including any and all agents, employees, and any other person acting on YOUR behalf, including, but not limited to, CO-OBLIGOR.

B.      The term "PERSON" includes individuals, sole proprietorships, entities of any type, partnerships, corporations, members, managers, shareholders, directors, officers, and employees.

C.      The term "DEBTOR" and "DEBTORS" refers to the debtors RANDOLPH, SYLVERNE, the NEW RANDOLPH ENTITIES, and CO-OBLIGOR, collectively or any of them individually, and includes any agent, partner, employee, member, manager, officer, director, or any other entity or individual acting on behalf of the same, including but not limited to, RANDOLPH or HOLLOWAY.

D.      The term "LOOJGR" shall mean and refer to Law Office of Justin G. Randolph, Inc., formed on June 16, 2020 under Illinois Secretary of State File Number 72779959, including any and all agents, employees, and any other person acting on LOOJGR'S behalf.

E.      The term "SYLVERNE" refers to the debtor Stephanie Sylverne, including any and all agents, employees, and any other person acting on her behalf.

F.      The term "HOLLOWAY" refers to Philip Holloway, including any and all agents, employees, and any other person acting on his behalf.

G.      The term "RANDOLPH & HOLLOWAY" shall mean and refer to Randolph & Holloway LLC, including any and all agents, employees, and any other person acting on RANDOLPH & HOLLOWAY'S behalf, including HOLLOWAY.

H.      The term "BROWN" refers to Carolyn Brown, including any and all agents, employees, and any other person acting on her behalf.

I.      The term "CO-OBLIGOR" refers to the law firm, Law Office of Justin G. Randolph, operated by RANDOLPH, as a sole proprietorship.

J.      The term "NEW RANDOLPH ENTITIES" refers to, each individually and both collectively: (1) LOOJGR; and (2) the business by the name of "Justin Randolph Law," as disclosed at ¶ 19 of Schedule A/B of DEBTOR'S Petition, filed in the United States Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12.

K.      The term "PRAVATI" refers to, each individually and all collectively, Pravati SPV II, LLC; Pravati Capital LLC; Pravati Credit Fund III LP; Alex Chucri, Ian Abaie, Arbitrage Capital Ventures, LLC, Binkley Properties, LLC, Robert Binkley, Hoyt Neal, and any and all agents, employees, members, managers, limited partners, general partners, and any other person acting on PRAVATI'S behalf or managed by PRAVATI.

L.      The term "ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which RANDOLPH & HOLLOWAY, DEBTORS, CO-OBLIGOR, LOOJGR, HOLLOWAY, OR THE NEW RANDOLPH ENTITIES have rendered, have agreed to render, or reasonably anticipate rendering services of any type; have appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or are entitled to, have contracted for, or have received, been paid, generated, negotiated, discussed, promised, addressed, were pledged, were assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds, including, but not limited to, any R&H ENGAGEMENT, LOOJGR ENGAGEMENT, or CO-OBLIGOR ENGAGEMENT.

M.      The term "R&H ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which RANDOLPH & HOLLOWAY has rendered, has agreed to render,

- 4 -

or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

N.    The term "LOOJGR ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which LOOJGR has rendered, has agreed to render, or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

O.    The term "CO-OBLIGOR ENGAGEMENT" shall mean a case, dispute, engagement, matter, client or customer wherein or to whom ANY DEBTOR, CO-OBLIGOR, or the NEW RANDOLPH ENTITIES, collectively and either individually, has rendered, has agreed to render, or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

P.    The term "BANK ACCOUNT" shall mean all checking, savings, or other financial accounts, including but not limited to, certificates of deposit; and share accounts with credit unions, brokerage houses, and other similar institutions.

- 5 -

Q.     The term "TRANSFER" shall mean the transfer, sale, disposition, or other deliverance of ownership or possession of valuable interest, money, real property, or personal property.

R.     The term "DOCUMENTS" shall mean and refer to the definition of "writing" set forth in Federal Rule of Evidence 1001, and includes the original and any drafts, iterations and non-identical duplicates, and both sides thereof, no matter how produced, prepared, stored, recorded, reproduced or transmitted, of handwriting, typewriting, printing, photostatting, photographing, electronic mail (e-mail), and every other means of recording upon any tangible thing, documents stored in electronic form, computerized records, computer files, and all other information capable of being retrieved from a computer, and any other form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations thereof, and including correspondence, letters, and other communications.

S.     The conjunctions "AND" and "OR" each mean and include both "and" and "or" and do not exclude any information otherwise within the scope of either.

T.     The term "COMMUNICATION" shall mean correspondence, telephone conversations, person-to-person conversations, memoranda, e-mails (including text messages, correspondence and the like), facsimiles, telegrams, press releases, announcements, audio and video recordings and all other forms of communicating language or thought.

U.     The terms "ALL" and "ANY" means "all, each, and every."

V.     The term "CONTRACT" refers to any documents evidencing an agreement, alleged agreement, or any Document that might reasonably be construed as an agreement, or which is being asserted as an agreement, irrespective of whether it is disputed.

AFDOCS:26920902.3

W.      The phrase "RELATING," "RELATED," "RELATING TO," or "RELATE TO" shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, comprising, embodying, referring to, relating to, depicting, connected with and boding, evidencing, constituting, concerning, reporting, or involving an act, occurrence event, transaction, fact, thing, or course of dealing.

## III.

## <u>DOCUMENTS TO BE PRODUCED</u>

### <u>REQUEST FOR PRODUCTION NO. 1</u>:

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY BANK ACCOUNTS through and including the current date, RELATING TO ANY of the NEW RANDOLPH ENTITIES, including, without limitation, BANK ACCOUNT statements, trust account statements, credit card statements, and loan and other account applications.

### <u>REQUEST FOR PRODUCTION NO. 2</u>:

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY BANK ACCOUNTS through and including the current date, RELATING TO ANY DEBTOR, including, without limitation, BANK ACCOUNT statements, trust account statements, credit card statements, and loan and other account applications.

### <u>REQUEST FOR PRODUCTION NO. 3</u>:

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY BANK ACCOUNTS through and including the current date, RELATING TO RANDOLPH & HOLLOWAY, including, without limitation, BANK ACCOUNT statements, trust account statements, credit card statements, and loan and other account applications.

AFDOCS:26920902.3

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO finances, accounting, valuation, performance, income, revenues, expenses, assets, liabilities, debts, liens, encumbrances, collateral, security interests, or taxation, RELATING TO ANY DEBTOR, through and including the current date, including, without limitation, profit and loss statements, ledgers, journals, balance sheets, financial statements, tax returns, appraisals, invoices, statements, deposit slips, checks, wire transfer notices, and receipts, and all CONTRACTS relating thereto.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO finances, accounting, valuation, performance, income, revenues, expenses, assets, liabilities, debts, liens, encumbrances, collateral, security interests, or taxation, RELATING TO RANDOLPH & HOLLOWAY, through and including the current date, including, without limitation, profit and loss statements, ledgers, journals, balance sheets, financial statements, tax returns, appraisals, invoices, statements, deposit slips, checks, wire transfer notices, and receipts, and all CONTRACTS relating thereto.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO governance, formation, structure, capitalization, funding, financing, collateralization, cases, interests, or operation of ANY DEBTOR,  including but not limited to articles of incorporation, articles of organization, partnership agreements, operating agreements, employment agreements, independent contractor agreements, agency CONTRACTS, policies, manuals, certificates, security CONTRACTS, factoring CONTRACTS, receivable sales, reimbursement CONTRACTS, and ANY other CONTRACTS or agreements.

- 8 -

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO governance, formation, structure, capitalization, funding, financing, collateralization, cases, interests, or operation of RANDOLPH & HOLLOWAY, including but not limited to articles of incorporation, articles of organization, partnership agreements, operating agreements, employment agreements, independent contractor agreements, agency CONTRACTS, policies, manuals, certificates, security CONTRACTS, factoring CONTRACTS, receivable sales, reimbursement CONTRACTS, and ANY other CONTRACTS or agreements.

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, distribution, payment, loan, advance, gift, collateralization, security interest, or conveyance made or granted by RANDOLPH & HOLLOWAY to ANY DEBTOR, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, employment CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, distribution, payment, loan, advance, gift, collateralization, security interest, or conveyance made or granted by RANDOLPH & HOLLOWAY to HOLLOWAY, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, employment CONTRACTS, and compensation CONTRACTS.

AFDOCS:26920902.3

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, distribution, payment, loan, advance, gift, collateralization, security interest, or conveyance made or granted by ANY DEBTOR to RANDOLPH & HOLLOWAY, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, employment CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, distribution, payment, loan, advance, gift, collateralization, security interest, or conveyance made or granted by ANY DEBTOR to ANY other DEBTOR, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, employment CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, distribution, payment, loan, advance, gift, collateralization, security interest, or conveyance made or granted by ANY DEBTOR to HOLLOWAY, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, employment CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY distribution, payment, loan, advance, gift, collateralization, security interest, or conveyance made

- 10 -

or granted by CO-OBLIGOR to RANDOLPH, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY distribution, payment, loan, advance, gift, collateralization, security interest, or conveyance made or granted by CO-OBLIGOR to SYLVERNE, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, or distribution payment made by ANY of the NEW RANDOLPH ENTITIES to RANDOLPH , including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, or distribution payment made by ANY of the NEW RANDOLPH ENTITIES to SYLVERNE, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO the value of ANY real property owned by ANY DEBTOR, including, but not limited to, the real property located at 630 Brewster Lane, Schaumburg, IL 60193, as disclosed in DEBTORS' Petition or Schedules, filed in the United States Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12.

- 11 -

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY personal property owned by ANY DEBTOR, including, but not limited to, the personal property disclosed DEBTORS' Petition or Schedules, filed in the United States Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12, including but not limited to ALL accounts listed on Schedule A/B, including DOCUMENTS RELATING TO the source, deposit, and disposition of funds in these accounts.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY DEBTOR's income, as disclosed in DEBTORS' Petition or Schedules, filed in the United States Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12, including, but not limited to, W-2 or 1099 forms, pay statements, reimbursements, employment agreements, referral fee CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY DEBTOR's expenses, as disclosed in DEBTORS' Petition or Schedules, filed in the United States Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12, including, but not limited to, billing statements, invoices, and mortgage DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY child support, alimony, or other domestic support obligations of ANY DEBTOR.

AFDOCS:26920902.3

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from ANY DEBTOR to RANDOLPH & HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from ANY DEBTOR to ANY NEW RANDOLPH ENTITIES.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from ANY DEBTOR to CO-OBLIGOR.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from RANDOLPH & HOLLOWAY to ANY DEBTOR.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges,

- 13 -

reimbursements, or TRANSFERS of ANY type from NEW RANDOLPH ENTITIES to ANY DEBTOR.

**REQUEST FOR PRODUCTION NO. 27:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from CO-OBLIGOR to ANY DEBTOR.

**REQUEST FOR PRODUCTION NO. 28:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL CONTRACTS or agreements with, involving or RELATING TO RANDOLPH & HOLLOWAY, including but not limited to CONTRACTS with customers (current or former) and/or clients (current or former) thereof.

**REQUEST FOR PRODUCTION NO. 29:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY vehicle listed in DEBTORS' Petition or Schedules, filed in the United States Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12, including but not limited to all DOCUMENTS showing the source of ANY funds utilized to acquire ANY vehicle.

**REQUEST FOR PRODUCTION NO. 30:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO PRAVATI.

**REQUEST FOR PRODUCTION NO. 31:**

ALL DOCUMENTS RELATING TO insurance coverage of ANY type in place, held by or RELATING TO ANY DEBTOR, CO-OBLIGOR, the NEW RANDOLPH ENTITIES, or YOU, including but not limited to policy page(s) and declaration(s), and irrespective of the type of insurance coverage (e.g., loss, liability, malpractice, professional liability, unemployment).

- 14 -

**REQUEST FOR PRODUCTION NO. 32:**

ALL DOCUMENTS that provide or RELATE TO ANY of the following information for ANY CO-OBLIGOR ENGAGEMENT transferred to or which was at ANY time retained, hired, represented, contacted, contracted, or solicited by RANDOLPH & HOLLOWAY or from or on behalf of which RANDOLPH & HOLLOWAY received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, contracted for, expected, or earned revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds: (a) name, address, phone number, and email address of ALL clients involved; (b) the name of ALL RELATED matters;  (c) ALL jurisdictions, venues, and for a of ALL RELATED cases, disputes, or matters; (d) ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g) status of ALL RELATED cases, disputes, or matters; and (h) whether, when, and to which Person revenues, compensation, money, remuneration, funds, reimbursements, receivables, fees, or proceeds were paid, received, earned, contracted for, or recovered by, and ALL amounts thereof.

**REQUEST FOR PRODUCTION NO. 33:**

ALL DOCUMENTS that provide or RELATE TO ANY of the following information for ANY R&H ENGAGEMENT: (a) name, address, phone number, and email address of ALL clients involved in such ENGAGEMENT; (b) the name of ALL RELATED matters; (c) ALL jurisdictions, venues, and fora of ALL RELATED cases, disputes, or matters; (d) ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g) status of ALL RELATED cases, disputes, or matters; and (h) whether, when, and to which Person revenues, compensation, money, remuneration, funds, reimbursements, receivables, fees, or

AFDOCS:26920902.3

proceeds were paid, received, earned, CONTRACTED for, or recovered, and ALL amounts thereof.

**REQUEST FOR PRODUCTION NO. 34:**

ALL DOCUMENTS that provide or RELATE TO ANY of the following information for ANY NEW RANDOLPH ENTITIES: (a) name, address, phone number, and email address of ALL clients involved in such ENGAGEMENT; (b) the name of ALL RELATED matters; (c) ALL jurisdictions, venues, and fora of ALL RELATED cases, disputes, or matters; (d) ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g) status of ALL RELATED cases, disputes, or matters; and (h) whether, when, and to which Person revenues, compensation, money, remuneration, funds, reimbursements, receivables, fees, or proceeds were paid, received, earned, CONTRACTED for, or recovered, and ALL amounts thereof.

- 16 -

# EXHIBIT D

## EXHIBIT D

### I.

### INSTRUCTIONS AND PRELIMINARY STATEMENT

The following instructions shall be considered to be applicable to all demands for production of documents contained herein:

A.       In producing documents and things, you are requested to furnish all documents known or available to you, regardless of whether these documents are in your possession, custody or control or are possessed by any subsidiary or affiliated entities, officers, directors, agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

B.       In producing documents, any comment, notation, or marking appearing on any document and not a part of the original is to be considered a separate document, and any draft, preliminary form or superseded version of any document is also to be considered a separate document.

C.       In producing documents, all documents should be produced in the same order as they are kept or maintained.

D.       In producing documents, all documents should be produced in the file, folder, envelope, format, or other container in which the documents are kept or maintained. If for any reason said container cannot be produced, please produce copies of all labels or other identifying markings.

E.       In producing documents, documents attached to each other must not be separated.

F.       In producing documents, if you assert any privilege concerning the identification or production of any of the documents described below, or if you object to the identification or

- 1 -

production of any such documents on any grounds, or if you for any reason contend that any of the documents described below are not subject to discovery for any reason, then specify in detail in your response, the precise grounds for the objection, privilege, or other contention which you make in this regard, and describe in detail the document or documents as to which you assert this privilege, objection or contention.  Such description shall include a statement of the general nature of the document, the name of each person who executed it, the name of each person who has received the original or copies of it, the name of each person who has seen the original or any copies of it, the name of each person with whom it was discussed, and a general description of the nature and contents of the documents. Finally, you should identify and produce for inspection and copying all documents which fit the description set forth below as to which you do not assert any such privilege, objection, or contention.

G.      In producing documents, you are to consider this request a continuing request, and you are obligated to supplement your response by identifying and producing responsive documents that come to your attention, or into your possession, custody or control, subsequent to your response and production prior to, or at the deposition or at or prior to any continued deposition date thereof.

H.      In construing the requests, the singular form of a word shall be interpreted to include the plural, and the plural form of a word shall be interpreted to include the singular.

## II.

## DEFINITIONS

A.      The terms "YOU," "YOUR," and "SYLVERNE" refers to the debtor Stephanie Sylverne, including any and all agents, employees, and any other person acting on YOUR behalf.

B.      The term "PERSON" includes individuals, sole proprietorships, entities of any type, partnerships, corporations, members, managers, shareholders, directors, officers, and employees.

C.      The term "DEBTOR" and "DEBTORS" refers to the debtors RANDOLPH, SYLVERNE, the NEW RANDOLPH ENTITIES, and CO-OBLIGOR, collectively or any of them individually, and includes any agent, partner, employee, member, manager, officer, director, or any other entity or individual acting on behalf of the same, including but not limited to, RANDOLPH or HOLLOWAY.

D.      The term "RANDOLPH" shall mean and refer to each and/or any one or more of the following: debtor Justin Randolph, the NEW RANDOLPH ENTITIES, and CO-OBLIGOR, including any and all agents, employees, and any other person acting on YOUR behalf, including, but not limited to, CO-OBLIGOR.

E.      The term "LOOJGR" shall mean and refer to Law Office of Justin G. Randolph, Inc., formed on June 16, 2020 under Illinois Secretary of State File Number 72779959, including any and all agents, employees, and any other person acting on LOOJGR'S behalf.

F.      The term "HOLLOWAY" refers to Philip Holloway, including any and all agents, employees, and any other person acting on his behalf.

G.      The term "RANDOLPH & HOLLOWAY" shall mean and refer to Randolph & Holloway LLC, including any and all agents, employees, and any other person acting on RANDOLPH & HOLLOWAY'S behalf, including HOLLOWAY.

H.      The term "BROWN" refers to Carolyn Brown, including any and all agents, employees, and any other person acting on her behalf.

- 3 -

I.    The term "CO-OBLIGOR" refers to the law firm, Law Office of Justin G. Randolph, operated by RANDOLPH as a sole proprietorship.

J.    The term "NEW RANDOLPH ENTITIES" refers to, each individually and both collectively: (1) LOOJGR; and (2) the business by the name of "Justin Randolph Law," as disclosed at ¶ 19 of Schedule A/B of DEBTOR'S Petition, filed in the United States Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12.

K.    The term "PRAVATI" refers to, each individually and all collectively, Pravati SPV II, LLC; Pravati Capital LLC; Pravati Credit Fund III LP; Alex Chucri, Ian Abaie, Arbitrage Capital Ventures, LLC, Binkley Properties, LLC, Robert Binkley, Hoyt Neal, and any and all agents, employees, members, managers, limited partners, general partners, and any other person acting on PRAVATI'S behalf or managed by PRAVATI.

L.    The term "ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which RANDOLPH & HOLLOWAY, DEBTORS, CO-OBLIGOR, LOOJGR, HOLLOWAY, OR THE NEW RANDOLPH ENTITIES have rendered, have agreed to render, or reasonably anticipate rendering services of any type; have appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or are entitled to, have contracted for, or have received, been paid, generated, negotiated, discussed, promised, addressed, were pledged, were assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds, including, but not limited to, any R&H ENGAGEMENT, LOOJGR ENGAGEMENT, or CO-OBLIGOR ENGAGEMENT.

M.    The term "R&H ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which RANDOLPH & HOLLOWAY has rendered, has agreed to render,

AFDOCS:26921019.1

or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

N.    The term "LOOJGR ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which LOOJGR has rendered, has agreed to render, or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

O.    The term "CO-OBLIGOR ENGAGEMENT" shall mean a case, dispute, engagement, matter, client or customer wherein or to whom ANY DEBTOR, CO-OBLIGOR, or the NEW RANDOLPH ENTITIES, collectively and either individually, has rendered, has agreed to render, or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

P.    The term "BANK ACCOUNT" shall mean all checking, savings, or other financial accounts, including but not limited to, certificates of deposit; and share accounts with credit unions, brokerage houses, and other similar institutions.

- 5 -

Q.     The term "TRANSFER" shall mean the transfer, sale, disposition, or other deliverance of ownership or possession of valuable interest, money, real property, or personal property.

R.     The term "DOCUMENTS" shall mean and refer to the definition of "writing" set forth in Federal Rule of Evidence 1001, and includes the original and any drafts, iterations and non-identical duplicates, and both sides thereof, no matter how produced, prepared, stored, recorded, reproduced or transmitted, of handwriting, typewriting, printing, photostatting, photographing, electronic mail (e-mail), and every other means of recording upon any tangible thing, documents stored in electronic form, computerized records, computer files, and all other information capable of being retrieved from a computer, and any other form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations thereof, and including correspondence, letters, and other communications.

S.     The conjunctions "AND" and "OR" each mean and include both "and" and "or" and do not exclude any information otherwise within the scope of either.

T.     The term "COMMUNICATION" shall mean correspondence, telephone conversations, person-to-person conversations, memoranda, e-mails (including text messages, correspondence and the like), facsimiles, telegrams, press releases, announcements, audio and video recordings and all other forms of communicating language or thought.

U.     The terms "ALL" and "ANY" means "all, each, and every."

V.     The term "CONTRACT" refers to any documents evidencing an agreement, alleged agreement, or any Document that might reasonably be construed as an agreement, or which is being asserted as an agreement, irrespective of whether it is disputed.

AFDOCS:26921019.1

W.      The phrase "RELATING," "RELATED," "RELATING TO," or "RELATE TO" shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, comprising, embodying, referring to, relating to, depicting, connected with and boding, evidencing, constituting, concerning, reporting, or involving an act, occurrence event, transaction, fact, thing, or course of dealing.

## III.

## <u>DOCUMENTS TO BE PRODUCED</u>

### <u>REQUEST FOR PRODUCTION NO. 1</u>:

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY BANK ACCOUNTS through and including the current date, RELATING TO SYLVERNE, including, without limitation, BANK ACCOUNT statements, trust account statements, credit card statements, and loan and other account applications.

### <u>REQUEST FOR PRODUCTION NO. 2</u>:

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY BANK ACCOUNTS through and including the current date, RELATING TO DEBTORS, including, without limitation, BANK ACCOUNT statements, trust account statements, credit card statements, and loan and other account applications.

AFDOCS:26921019.1

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO the value of ANY real property owned by ANY DEBTOR, including, but not limited to, the real property located at 630 Brewster Lane, Schaumburg, IL 60193, as disclosed in DEBTORS' Petition or Schedules, filed in the United States Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY personal property owned by ANY DEBTOR, including, but not limited to, the personal property disclosed DEBTORS' Petition or Schedules, filed in the United States Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12, including but not limited to ALL accounts listed on Schedule A/B, including DOCUMENTS RELATING TO the source, deposit, and disposition of funds in these accounts.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY DEBTOR's income, as disclosed in DEBTORS' Petition or Schedules, filed in the United States Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12, including, but not limited to, W-2 or 1099 forms, pay statements, reimbursements, employment agreements, referral fee CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY DEBTOR's expenses, as disclosed in DEBTORS' Petition or Schedules, filed in the United States

- 8 -

Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12, including, but not limited to, billing statements, invoices, and mortgage documents.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY child support, alimony, or other domestic support obligations of ANY DEBTOR.

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from ANY DEBTOR to RANDOLPH & HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from ANY DEBTOR to ANY NEW RANDOLPH ENTITIES.

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from ANY DEBTOR to CO-OBLIGOR.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges,

AFDOCS:26921019.1

reimbursements, or TRANSFERS of ANY type from RANDOLPH & HOLLOWAY to ANY

DEBTOR.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL

payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges,

reimbursements, or TRANSFERS of ANY type from NEW RANDOLPH ENTITIES to ANY

DEBTOR.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL

payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges,

reimbursements, or TRANSFERS of ANY type from CO-OBLIGOR to ANY DEBTOR.

- 10 -

# EXHIBIT E

## EXHIBIT E

## I.

## INSTRUCTIONS AND PRELIMINARY STATEMENT

The following instructions shall be considered to be applicable to all demands for production of documents contained herein:

A.    In producing documents and things, you are requested to furnish all documents known or available to you, regardless of whether these documents are in your possession, custody or control or are possessed by any subsidiary or affiliated entities, officers, directors, agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

B.    In producing documents, any comment, notation, or marking appearing on any document and not a part of the original is to be considered a separate document, and any draft, preliminary form or superseded version of any document is also to be considered a separate document.

C.    In producing documents, all documents should be produced in the same order as they are kept or maintained.

D.    In producing documents, all documents should be produced in the file, folder, envelope, format, or other container in which the documents are kept or maintained. If for any reason said container cannot be produced, please produce copies of all labels or other identifying markings.

E.    In producing documents, documents attached to each other must not be separated.

F.    In producing documents, if you assert any privilege concerning the identification or production of any of the documents described below, or if you object to the identification or

AFDOCS:26952410.1

production of any such documents on any grounds, or if you for any reason contend that any of the documents described below are not subject to discovery for any reason, then specify in detail in your response, the precise grounds for the objection, privilege, or other contention which you make in this regard, and describe in detail the document or documents as to which you assert this privilege, objection or contention.  Such description shall include a statement of the general nature of the document, the name of each person who executed it, the name of each person who has received the original or copies of it, the name of each person who has seen the original or any copies of it, the name of each person with whom it was discussed, and a general description of the nature and contents of the documents. Finally, you should identify and produce for inspection and copying all documents which fit the description set forth below as to which you do not assert any such privilege, objection, or contention.

G.      In producing documents, you are to consider this request a continuing request, and you are obligated to supplement your response by identifying and producing responsive documents that come to your attention, or into your possession, custody or control, subsequent to your response and production prior to, or at the deposition or at or prior to any continued deposition date thereof.

H.      In construing the requests, the singular form of a word shall be interpreted to include the plural, and the plural form of a word shall be interpreted to include the singular.

## II.

## DEFINITIONS

A.      The terms "YOU," "YOUR," and "LOOJGR" refer to Law Office of Justin G. Randolph, Inc., formed on June 16, 2020 under Illinois Secretary of State File Number 72779959, including any and all agents, employees, and any other person acting on YOUR behalf.

- 2 -

B.      The term "PERSON" includes individuals, sole proprietorships, entities of any type, partnerships, corporations, members, managers, shareholders, directors, officers, and employees.

C.      The term "DEBTOR" and "DEBTORS" refers to the debtors RANDOLPH, SYLVERNE, the NEW RANDOLPH ENTITIES, and CO-OBLIGOR, collectively or any of them individually, and includes any agent, partner, employee, member, manager, officer, director, or any other entity or individual acting on behalf of the same, including but not limited to, RANDOLPH or HOLLOWAY.

D.      The term "RANDOLPH"  shall mean and refer to each and/or any one or more of the following: debtor Justin Randolph, the NEW RANDOLPH ENTITIES, and CO-OBLIGOR, including any and all agents, employees, and any other person acting on YOUR behalf, including, but not limited to, CO-OBLIGOR.

E.      The term "SYLVERNE" refers to the debtor Stephanie Sylverne, including any and all agents, employees, and any other person acting on her behalf.

F.      The term "HOLLOWAY" refers to Philip Holloway, including any and all agents, employees, and any other person acting on his behalf.

G.      The term "RANDOLPH & HOLLOWAY" shall mean and refer to Randolph & Holloway LLC, including any and all agents, employees, and any other person acting on RANDOLPH & HOLLOWAY'S behalf, including HOLLOWAY.

H.      The term "BROWN" refers to Carolyn Brown, including any and all agents, employees, and any other person acting on her behalf.

I.      The term "CO-OBLIGOR" refers to the law firm, Law Office of Justin G. Randolph, operated by RANDOLPH as a sole proprietorship.

- 3 -

J.      The term "NEW RANDOLPH ENTITIES" refers to, each individually and both collectively: (1) LOOJGR; and (2) the business by the name of "Justin Randolph Law," as disclosed at ¶ 19 of Schedule A/B of DEBTOR'S Petition, filed in the United States Bankruptcy Court, Northern District of Illinois, Case No. 22-10032 as Docket No. 12.

K.      The term "PRAVATI" refers to, each individually and all collectively, Pravati SPV II, LLC; Pravati Capital LLC; Pravati Credit Fund III LP; Alex Chucri, Ian Abaie, Arbitrage Capital Ventures, LLC, Binkley Properties, LLC, Robert Binkley, Hoyt Neal, and any and all agents, employees, members, managers, limited partners, general partners, and any other person acting on PRAVATI'S behalf or managed by PRAVATI.

L.      The term "ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which RANDOLPH & HOLLOWAY, DEBTORS, CO-OBLIGOR, LOOJGR, HOLLOWAY, OR THE NEW RANDOLPH ENTITIES have rendered, have agreed to render, or reasonably anticipate rendering services of any type; have appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or are entitled to, have contracted for, or have received, been paid, generated, negotiated, discussed, promised, addressed, were pledged, were assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds, including, but not limited to, any R&H ENGAGEMENT, NEW RANDOLPH ENTITIES ENGAGEMENT, or CO-OBLIGOR ENGAGEMENT.

M.      The term "R&H ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which RANDOLPH & HOLLOWAY has rendered, has agreed to render, or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has

- 4 -

received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

N.    The term "NEW RANDOLPH ENTITIES ENGAGEMENT" shall mean a case, dispute, engagement, matter, client, or customer for which NEW RANDOLPH ENTITIES has rendered, has agreed to render, or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

O.    The term "CO-OBLIGOR ENGAGEMENT" shall mean a case, dispute, engagement, matter, client or customer wherein or to whom ANY DEBTOR, CO-OBLIGOR, or the NEW RANDOLPH ENTITIES, collectively and either individually, has rendered, has agreed to render, or reasonably anticipates rendering services of any type; has appeared as counsel of record (whether through RANDOLPH or HOLLOWAY); or is entitled to, has contracted for, or has received, been paid, generated, negotiated, discussed, promised, addressed, was pledged, was assigned, obtained (including as collateral), at any time expected, or earned payment, revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds.

P.    The term "BANK ACCOUNT" shall mean all checking, savings, or other financial accounts, including but not limited to, certificates of deposit; and share accounts with credit unions, brokerage houses, and other similar institutions.

AFDOCS:26952410.1

Q.      The term "TRANSFER" shall mean the transfer, sale, disposition, or other deliverance of ownership or possession of valuable interest, money, real property, or personal property.

R.      The term "DOCUMENTS" shall mean and refer to the definition of "writing" set forth in Federal Rule of Evidence 1001, and includes the original and any drafts, iterations and non-identical duplicates, and both sides thereof, no matter how produced, prepared, stored, recorded, reproduced or transmitted, of handwriting, typewriting, printing, photostatting, photographing, electronic mail (e-mail), and every other means of recording upon any tangible thing, documents stored in electronic form, computerized records, computer files, and all other information capable of being retrieved from a computer, and any other form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations thereof, and including correspondence, letters, and other communications.

S.      The conjunctions "AND" and "OR" each mean and include both "and" and "or" and do not exclude any information otherwise within the scope of either.

T.      The term "COMMUNICATION" shall mean correspondence, telephone conversations, person-to-person conversations, memoranda, e-mails (including text messages, correspondence and the like), facsimiles, telegrams, press releases, announcements, audio and video recordings and all other forms of communicating language or thought.

U.      The terms "ALL" and "ANY" means "all, each, and every."

V.      The term "CONTRACT" refers to any documents evidencing an agreement, alleged agreement, or any Document that might reasonably be construed as an agreement, or which is being asserted as an agreement, irrespective of whether it is disputed.

AFDOCS:26952410.1

W.     The phrase "RELATING," "RELATED," "RELATING TO," or "RELATE TO" shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, comprising, embodying, referring to, relating to, depicting, connected with and boding, evidencing, constituting, concerning, reporting, or involving an act, occurrence event, transaction, fact, thing, or course of dealing.

**III.**

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY BANK ACCOUNTS through and including the current date, RELATING TO ANY NEW RANDOLPH ENTITIES, including, without limitation, BANK ACCOUNT statements, trust account statements, credit card statements, and loan and other account applications.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO finances, accounting, valuation, performance, income, revenues, expenses, assets, liabilities, debts, or taxation, RELATING TO NEW RANDOLPH ENTITIES,  through and including the current date, including, without limitation, profit and loss statements, ledgers, journals, balance sheets, financial statements, tax returns, appraisals, invoices, statements, deposit slips, checks, wire transfer notices, and receipts, and all CONTRACTS relating thereto.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO governance, formation, structure, capitalization, funding, financing, collateralization, security interests, or operation of or liens against NEW RANDOLPH ENTITIES,  including but not limited

AFDOCS:26952410.1

to articles of incorporation, articles of organization, partnership agreements, operating agreements, employment agreements, independent contractor agreements, agency CONTRACTS, policies, manuals, certificates, security CONTRACTS, factoring contracts, receivable sales, reimbursement CONTRACTS, and any other CONTRACTS or agreements.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, distribution, or payment made by NEW RANDOLPH ENTITIES to DEBTORS, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, or distribution payment made by NEW RANDOLPH ENTITIES to HOLLOWAY, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ANY compensation, salary, expense reimbursement, or distribution payment issued from NEW RANDOLPH ENTITIES to ANY PERSON, such as the NEW RANDOLPH ENTITIES, including, without limitation, W-2 or 1099 forms, pay statements, reimbursements, referral fee CONTRACTS, and compensation CONTRACTS.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL NEW RANDOLPH ENTITIES, matters, clients, or services for which revenues, compensation, money,

- 8 -

remuneration, funds, receivables, or proceeds were received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, CONTRACTED for or earned by NEW RANDOLPH ENTITIES, including but not limited to ENGAGEMENT or matter lists and DOCUMENTS relating to the calculation of such revenues, compensation, money, remuneration, funds, receivables, or proceeds (e.g., settlement agreements, judgments, orders, representation agreements, closing statements, and invoices).

## REQUEST FOR PRODUCTION NO. 8:

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL R&H ENGAGEMENTS, matters, clients, or services for which revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds were received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, CONTRACTED for, expected, or earned by RANDOLPH & HOLLOWAY, including but not limited to ENGAGEMENT or matter lists and DOCUMENTS relating to the calculation of such revenues, compensation, money, fees, remuneration, funds, receivables, or proceeds (e.g., settlement agreements, judgments, orders, representation agreements, closing statements, disbursement statements, co-counsel CONTRACTS, fee sharing CONTRACTS, referral fee CONTRACTS, and invoices).

## REQUEST FOR PRODUCTION NO. 9:

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL CO-OBLIGOR ENGAGEMENTS, matters, clients, or services for which revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds were received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, CONTRACTED for, expected, or earned by RANDOLPH & HOLLOWAY, including but not

- 9 -

limited to ENGAGEMENT or matter lists and DOCUMENTS relating to the calculation of such

revenues, compensation, money, fees, remuneration, funds, receivables, or proceeds (e.g.,

settlement agreements, judgments, orders, representation agreements, closing statements,

disbursement statements, co-counsel CONTRACTS, fee sharing CONTRACTS, referral fee

CONTRACTS, and invoices).

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS that provide or RELATE TO the following information for ANY

NEW RANDOLPH ENTITIES: (a) name, address, phone number, and email address of ALL

clients involved in such ENGAGEMENT; (b) the name of ALL RELATED matters; (c) ALL

jurisdictions, venues, and fora of ALL RELATED cases, disputes, or matters; (d) ALL RELATED

case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g)

status of ALL RELATED cases, disputes, or matters; and (h) whether, when, and to which Person

revenues, compensation, money, remuneration, funds, reimbursements, receivables, fees, or

proceeds were paid, received, earned, CONTRACTED for, or recovered, and ALL amounts

thereof.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS that provide or RELATE TO ANY of the following information for

ANY NEW RANDOLPH ENTITIES ENGAGEMENT: (a) name, address, phone number, and

email address of ALL clients involved in such ENGAGEMENT; (b) the name of ALL RELATED

matters; (c) ALL jurisdictions, venues, and fora of ALL RELATED cases, disputes, or matters; (d)

ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description

of the facts; (g) status of ALL RELATED cases, disputes, or matters; and (h) whether, when, and

to which Person revenues, compensation, money, remuneration, funds, reimbursements,

- 10 -

receivables, fees, or proceeds were paid, received, earned, CONTRACTED for, or recovered, and ALL amounts thereof.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS that provide or RELATE TO ANY of the following information for ANY R&H ENGAGEMENT: (a) name, address, phone number, and email address of ALL clients involved in such ENGAGEMENT; (b) the name of ALL RELATED matters; (c) ALL jurisdictions, venues, and fora of ALL RELATED cases, disputes, or matters; (d) ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g) status of ALL RELATED cases, disputes, or matters; and (h) whether, when, and to which Person revenues, compensation, money, remuneration, funds, reimbursements, receivables, fees, or proceeds were paid, received, earned, CONTRACTED for, or recovered, and ALL amounts thereof.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS that provide or RELATE TO ANY of the following information for ANY RANDOLPH & HOLLOWAY ENGAGEMENT transferred to or which was at any time retained, hired, represented, contacted, contracted, or solicited by or from or on behalf of which NEW RANDOLPH ENTITIES received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, contracted for, expected, or earned revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds: (a) name, address, phone number, and email address of ALL clients involved; (b) the name of ALL RELATED matters; (c) ALL jurisdictions, venues, and for a of ALL RELATED cases, disputes, or matters; (d) ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g) status of ALL RELATED cases, disputes, or

matters; and (h) whether, when, and to which Person revenues, compensation, money, remuneration, funds, reimbursements, receivables, fees, or proceeds were paid, received, earned, contracted for, or recovered by, and ALL amounts thereof.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS that provide or RELATE TO ANY of the following information for ANY CO-OBLIGOR ENGAGEMENT transferred to or which was at any time retained, hired, represented, contacted, contracted, or solicited by NEW RANDOLPH ENTITIES  or from or on behalf of which NEW RANDOLPH ENTITIES  received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, contracted for, expected, or earned revenues, compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds: (a) name, address, phone number, and email address of ALL clients involved; (b) the name of ALL RELATED matters;  (c) ALL jurisdictions, venues, and for a of ALL RELATED cases, disputes, or matters; (d) ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g) status of ALL RELATED cases, disputes, or matters;  and  (h)  whether,  when,  and  to  which  Person  revenues,  compensation,  money, remuneration, funds, reimbursements, receivables, fees, or proceeds were paid, received, earned, contracted for, or recovered by, and ALL amounts thereof.

**REQUEST FOR PRODUCTION NO. 15:**

ALL  DOCUMENTS  that  provide  the  following  information  for  each  R&H ENGAGEMENT transferred to or which was at ANY time retained, hired, represented, contacted, contracted, or solicited by NEW RANDOLPH ENTITIES or from or on behalf of which NEW RANDOLPH ENTITIES received, paid, remitted, generated, negotiated, discussed, promised, addressed, pledged, assigned, collateralized, contracted for, expected, or earned revenues,

- 12 -

compensation, money, remuneration, funds, receivables, fees, reimbursements, or proceeds: (a) name, address, phone number, and email address of ALL clients involved; (b) the name of ALL RELATED matters;  (c) ALL jurisdictions, venues, and for a of ALL RELATED cases, disputes, or matters; (d) ALL RELATED case or matter numbers; (e) the amount(s) in controversy; (f) a brief description of the facts; (g) status of ALL RELATED cases, disputes, or matters; and (h) whether, when, and to which PERSON revenues, compensation, money, remuneration, funds, reimbursements, receivables, fees, or proceeds were paid, received, earned, contracted for, or recovered by, and ALL amounts thereof.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from DEBTORS to NEW RANDOLPH ENTITIES.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from RANDOLPH & HOLLOWAY to NEW RANDOLPH ENTITIES.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from the CO-OBLIGOR to NEW RANDOLPH ENTITIES.

- 13 -

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from HOLLOWAY to NEW RANDOLPH ENTITIES.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from BROWN to NEW RANDOLPH ENTITIES.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from NEW RANDOLPH ENTITIES to DEBTORS.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from NEW RANDOLPH ENTITIES to RANDOLPH & HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges,

- 14 -

reimbursements, or TRANSFERS of ANY type from NEW RANDOLPH ENTITIES to the CO-OBLIGOR.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from NEW RANDOLPH ENTITIES to HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL payments, gifts, conveyances, grants, contributions, assignments, assumptions, exchanges, reimbursements, or TRANSFERS of ANY type from NEW RANDOLPH ENTITIES to BROWN.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO ALL CONTRACTS or agreements with or involving NEW RANDOLPH ENTITIES, including but not limited to CONTRACTS with customers (current or former) and/or clients (current or former) thereof.

**REQUEST FOR PRODUCTION NO. 27:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO PRAVATI.

**REQUEST FOR PRODUCTION NO. 28:**

ALL COMMUNICATIONS between CO-OBLIGOR, on the one hand, and NEW RANDOLPH ENTITIES, on the other.

AFDOCS:26952410.1

**REQUEST FOR PRODUCTION NO. 29:**

ALL COMMUNICATIONS between RANDOLPH & HOLLOWAY, on the one hand, and NEW RANDOLPH ENTITIES, on the other.

**REQUEST FOR PRODUCTION NO. 30:**

ALL COMMUNICATIONS between the NEW RANDOLPH ENTITIES, on one hand, and NEW RANDOLPH ENTITIES, on the other.

**REQUEST FOR PRODUCTION NO. 31:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO the solicitation of, retention of, acquisition of, advertising to, or retention of customers (current or former), clients (current or former), or matters (current or former) of CO-OBLIGOR.

**REQUEST FOR PRODUCTION NO. 32:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO the solicitation of, retention of, acquisition of, advertising to, or retention of customers (current or former), clients (current or former), or matters (current or former) of RANDOLPH & HOLLOWAY.

**REQUEST FOR PRODUCTION NO. 33:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO the solicitation of, retention of, acquisition of, advertising to, or retention of customers (current or former), clients (current or former), or matters (current or former) of the NEW RANDOLPH ENTITIES.

**REQUEST FOR PRODUCTION NO. 34:**

ALL DOCUMENTS, including ALL COMMUNICATIONS, RELATING TO the solicitation of, retention of, acquisition of, advertising to, or retention of customers (current or

AFDOCS:26952410.1

former), clients (current or former), or matters (current or former) of DEBTORS.

**REQUEST FOR PRODUCTION NO. 35:**

ALL DOCUMENTS RELATING TO insurance coverage of any type in place, held by or RELATING TO DEBTORS, CO-OBLIGOR, or YOU, including but not limited to policy page(s) and declaration(s), and irrespective of the type of insurance coverage (e.g., loss, liability, malpractice, professional liability, unemployment).

AFDOCS:26952410.1